FILED

99 MAR -9 PM 3:24

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 09 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

JOHNNY BARNETT,                )
                               )
    Plaintiff,                 )
                               )
vs.                            )   CASE NO. CV-97-B-1596-NW
                               )
AMERICAN MEDICAL SYSTEMS,      )
INC.; PFIZER, INC.; et al.,    )
                               )
    Defendants.                )

## MEMORANDUM OPINION

This action is before the court on a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure filed by defendants. Upon consideration of the record, the submissions of counsel, and the relevant law, this court concludes that defendants' motion for judgment on the pleadings is due to be granted.

### I. FACTUAL SUMMARY

On or about May 17, 1988, plaintiff Johnny Barnett underwent a surgical procedure for insertion of a penile prosthesis allegedly manufactured by defendant American Medical Supplies, Inc. Dr. Michael Spalding performed the insertion at Baptist Hospital in Nashville, Tennessee. The prosthesis subsequently failed, causing an infection which necessitated removal of the implant by Dr. Spalding on June 6, 1988.

On or around December 19, 1988, Dr. Larry Holcomb inserted a second penile prosthesis into plaintiff at Helen Keller Memorial Hospital in Sheffield, Alabama. Similarly, that device failed, caused an infection, and was removed by Dr. Holcomb on December 28, 1988. On or around July 17, 1989, Dr. L. Dean Knoll inserted a third penile prosthesis into plaintiff at Park View Hospital in Nashville, Tennessee. The third device also failed, and also caused the plaintiff's

third infection. Accordingly, it was removed by Dr. Knoll on or around August 22, 1989. (Complaint ¶ 1.)

Defendant American Medical Supplies, Inc. ("AMS") is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota. AMS is involved in the design, manufacture, marketing, and/or sale of each of the penile prosthetic devices inserted into plaintiff's body. AMS is a wholly-owned subsidiary of defendant Pfizer, Inc. ("Pfizer"). Pfizer is a Delaware corporation with its principal place of business in the State of New York. (Pfizer's Answer ¶¶ 2-3.)

Barnett commenced this action on June 30, 1997, invoking this court's diversity jurisdiction, and asserting claims against both defendants for violation of the Alabama Extended Manufacturer's Liability Doctrine, for fraudulent concealment, fraudulent misrepresentation, negligence, breach of express warranties, breach of implied warranties of fitness for a particular purpose, and breach of implied warranties of merchantability. The action originally was assigned to Senior United States District Judge E. B. Haltom, Jr., and was transferred to Judge Lynwood Smith on January 23, 1998. On September 29, 1998, the case was reassigned to this court.

## II. JUDGMENT ON THE PLEADINGS STANDARD

Judgment on the pleadings is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)(citations omitted). The facts set out in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Hawthorne*, 140 F.3d at 1370(citations omitted). Judgment on the pleadings is proper when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Id.*

2

### III. DISCUSSION

A.  **Plaintiff's Claims**

The allegations in plaintiff's complaint involve three penile prosthesis procedures, the first and third occurring in Nashville, Tennessee, with the second procedure taking place in Sheffield, Alabama. Defendants assert that plaintiff's claims arising out of the procedures performed in Nashville, Tennessee, are subject to either the one-year statute of limitations in Tennessee Code § 28-3-104,[1] or alternatively, the six year product liability statute of repose in Tennessee Code § 29-28-103(a).[2] Defendants further assert that the claims arising out of the procedure performed in

---

[1] Tenn. Code Ann. § 28-3-104 provides:

(a) The following actions shall be commenced within one (1) year after the cause of action accrued:
    (1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;
    (2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort;
    (3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and
    (4) Actions for statutory penalties.
(b) For the purpose of this section, in products liability cases:
    (1) The cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product;
    (2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and
    (3) Under no circumstances shall the cause of action be barred before the person sustains an injury.

[2] Tenn. Code Ann. § 29-28-103(a) provides:
Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Sheffield, Alabama, are subject to the two-year statute of limitations in Alabama Code § 6-2-38(l).[3] Plaintiff filed this action on June 30, 1997. Therefore, plaintiff's claims are barred if either state's limitation period applies.

**B.     Statute of Limitations**

In diversity cases, a federal court applies the choice of law rules of the state in which it sits. *See Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487 (1941). In Alabama, the rule of *lex loci delicti* has governed tort actions for almost 100 years. *Fitts v. Minnesota Mining & Manufacturing Co.*, 581 So.2d 819, 820 (Ala. 1991). Under the principle of *lex loci delicti*, "an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." *Id.* Only the substantive law of the foreign state is applied, and the procedural law is not. Thus, one issue before this court is whether either limitation period, provided in Tennessee Code § 28-3-104 or §29-28-103(a), is substantive or procedural. "The court before which the question arises is the one that has to decide whether any rule of law, domestic or foreign, will be characterized as substantive or as procedural for choice-of-law purposes." *Etheredge v. Genie Industries, Inc.*, 632 So.2d 1324, 1326 (Ala. 1994)(citations and internal quotation marks omitted).

In *State Department of Revenue v. Lindsey*, 343 So.2d 535 (Ala Civ. App. 1977), the Alabama Court of Civil appeals clarified the distinction between substantive statutes of limitation and procedural statutes of limitation with the following statement:

---

[3] Ala. Code § 6-2-38(l)(1975) provides:
All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.

4

> Statutes of limitations are of two types. In one, the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other, the limitation is deemed to affect only the remedy and does not constitute part of the substantive right. By affecting the remedy, it is meant that the statute establishes the time frame in which a party may seek to enforce his claim. The running of the latter type of statute of limitation does not extinguish a party's right, but merely precludes his judicial assertion of that right.

**1. Tennessee Code § 29-28-103(a)**

Tennessee Code § 29-28-103(a) contains both a statute of limitation and a statute of repose. It first refers to § 28-3-104 which is the one-year statute of limitation for personal tort injuries. The statute then "superimposes" a six year statute of repose over all personal injuries in a product liability action. The Supreme Court of Tennessee stated "the products liability statute of repose was designed to limit the time within which a suit alleging products liability may be brought. . . ." *Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996). "The one year personal injury statute of limitations, § 28-3-104, is specifically referenced in the products liability statute of repose, and is to be construed in pari materia therewith." *Spence v. Miles Laboratories, Inc.*, 810 F.Supp. 952, 960 (E.D. Tenn. 1992)(citations omitted). The Tennessee Supreme Court has further held "Tennessee's statute of repose is part of Tennessee's substantive law." *Myers v. Hayes International Corporation*, 701 F.Supp. 618, 625 (M.D.Tenn. 1988). The Fifth Circuit also held Tennessee's statute of repose to be substantive and applied it in a Mississippi conflict-of-laws situation. *See Wayne v. T.V.A.*, 730 F.2d 392, 400-02 (5th Cir. 1984), *cert. denied* 469 U.S. 1159 (1985). The Fifth Circuit said this section "is not a conventional statute of limitations. It imposes an outer limit or ceiling upon the existing statute of limitations relating to actions for personal injuries." *Id.* at 401.

The Supreme Court of Alabama has dealt with the issue of applying another state's statute of limitation or statute of repose on several prior occasions. *See Denton v. Sam Blount, Inc.*, 669 So.2d 951 (Ala. 1995); *Etheredge v. Genie Industries, Inc.*, 632 So.2d 1324 (Ala. 1994); *Sanders v. Liberty National Life Insurance Company*, 443 So.2d 909 (Ala. 1983). "This Court has recognized . . . that a distinction exists between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right." *Etheredge*, 632 So.2d at 1326(citations omitted). "Thus, we will apply another state's statute of limitations only when it is demonstrated that 'the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.'" *Id.* at 1327(citations omitted).

In *Etheredge*, the Alabama Supreme Court held North Carolina's statute of limitation to be procedural. The Court based its determination on the fact that the statute of limitation was found in the "'Civil Procedure" chapter of the North Carolina General Statutes." *Etheredge*, 632 So.2d at 1327. The specific section was entitled "six years" and simply listed those causes of action to which the limitation applied. *Id.* The Court also noted that the defendant's heavy reliance on the decisions of the North Carolina Supreme Court interpreting the statute as substantive were "of no legal consequence for purposes of this analysis. It is Alabama law that is binding" and up to an Alabama court to determine whether the statute was procedural or substantive. *Id.* "Where the statute of limitations goes only to the remedy, it seems to be the settled rule here that the *lex fori*, and not the *lex loci*, governs." *Dodd v. Lovett*, 248 So.2d 724, 725 (Ala. 1971)(citing *Mullins v. Alabama Great Southern R. Co.*, 195 So. 866, 868 (Ala. 1940)).

6

Tennessee Code § 29-28-103(a) is distinguishable from the North Carolina statute. In the instant action, the statute is contained in a separate chapter of the Tennessee Code entitled "Product Liability Actions." *See* Tenn. Code Ann. § 29-28-101 *et seq*. The one-year statute of limitation for personal injuries is still in full force; nevertheless, the right to bring suit for personal injury in a product liability action will expire six years from the date of injury. This product liability section deals not with the remedy, but rather the actual substantive right. Section 29-28-103(a) cuts off a plaintiff's right to bring an action six years after the date of injury regardless of whether plaintiff knows of the full extent of his injuries or even the cause of those injuries. Thus, § 29-28-103(a) is so inextricably bound up in the product liability statute creating the right that § 29-28-103(a) should be deemed a portion of the substantive right itself and is, therefore, applicable to this action.

Plaintiff urges this court to apply the equitable doctrine of fraudulent concealment, which would toll the statute of repose so as to not bar his claims. "Where a statute of repose defense has been asserted and established by the defendant, the burden of proof shifts to the plaintiff to establish the exception to the statute of fraudulent concealment." *Spence*, 810 F.Supp. at 964 (citing *Benton v. Snyder*, 825 S.W.2d 409, 414 (Tenn. 1992)). The Tennessee Supreme Court in *Benton* said:

> [A] plaintiff who seeks to toll a statute of limitations on the ground of fraudulent concealment must prove that the cause of action was known to and fraudulently concealed by the defendant. Knowledge on the part of the [defendant] of the facts giving rise to a cause of action is an essential element of fraudulent concealment. Concealment is also an essential element and it may consist of withholding information or making use of some device to mislead, this involving act and intention. (citations omitted.)

> Generally, a plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action and that the plaintiff could not have discovered the cause of action despite exercising reasonable diligence. Generally, the affirmative action on the part of a defendant must be something more than mere silence or a mere failure to disclose known facts. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry, or else there must be a duty resting on the party knowing such facts to disclose them. (citations omitted.)

*Benton*, 825 S.W.2d at 414. More than mere ignorance and failure of plaintiff to discover the existence of his cause of action, must exist for the doctrine of fraudulent concealment to be applicable.

Furthermore, mere silence by defendants or the failure by defendants to disclose known facts does not constitute sufficient affirmative action. *See Spence*, 810 F.Supp. at 964. In *Spence* a hemophiliac who allegedly contracted acquired immune deficiency syndrome (AIDS) from blood clotting factor concentrate sued the manufacturer of the clotting factor. *Id.* at 956-958. In finding no fraudulent concealment, the *Spence* court based its decision partially on the fact that no confidential or fiduciary relationship existed between plaintiff and defendant, such as physician and patient, which would impose a higher duty on defendant to disclose information. *Id.* at 964-65.

Applying this statute of repose, plaintiff's cause of action accrued on the date of his injury and could be brought no later than six years from the date of that injury. Section 29-28-103(a) began to run regardless of when the injury was discovered. Therefore, the last day plaintiff could have filed his action based on the first procedure was June 6, 1994.[4] Alternatively, the latest plaintiff could have filed his action based on the third procedure was August 22, 1995.[5] Plaintiff

---

[4] This date was calculated based on the date the first device was removed from plaintiff by Dr. Michael Spalding in Nashville on June 6, 1988.

[5] The date is based on the date of the last removal by Dr. Knoll in Nashville, Tennessee on August 22, 1989.

did not file this action until June 30, 1997, almost eight years after the removal of the last penile prosthesis.

Plaintiff urges this court to toll the statute of repose because defendants allegedly fraudulently concealed the cause of action from him. Plaintiff points to general allegations contained in his complaint which purportedly set forth claims of fraudulent concealment. Nevertheless, plaintiff fails to allege how defendants affirmatively concealed facts or when the fraudulent concealment was discovered by the plaintiff in order to toll the statute of repose. Plaintiff also failed to allege that a confidential relationship existed between he and defendants. Plaintiff asserts no facts giving rise to a duty owed by defendants to disclose information to him.

Plaintiff alleges that each penile prosthesis "subsequently failed, caused an infection, and was removed." (Complaint at ¶ 1.) Accepting the allegations as true, it is difficult to understand how plaintiff was not put on notice of a defect or how defendants fraudulently concealed the cause of plaintiff's injuries from him. Thus, plaintiff has not alleged fraudulent concealment sufficient to toll Tennessee Code § 29-28-103(a). Accordingly, plaintiff's claims, based on Tennessee law, are barred by the six year statute of repose contained in Tennessee Code § 29-28-103(a). Therefore, defendants' motion for judgment on the pleadings, as to the plaintiff's claims based on procedures performed in Tennessee, is due to be granted.

### 2. Tennessee Code § 28-3-104

Unlike the statute of repose, § 28-3-104 deals with the remedy rather than the substantive right. Section 28-3-104 is the underlying limitation period on which the statute of repose was based. It is contained in the chapter entitled "Limitation of Actions Other Than Real." *See* Tenn. Code Ann. § 28-3-101 *et. seq.* In *Randolph v. Tennessee Valley Authroity*, 792 F.Supp. 1221, 1223 (N.D. Ala. 1992), § 28-3-104 was characterized as "no more and no less than a general

limitations statute applicable to all actions arising out of 'injury to the person.'" Thus, Tennessee Code § 28-3-104 is nothing more than "a procedural device that operates as a defense to limit the remedy available from an existing cause of action." *First United Methodist Church of Hyattsville v. United States Gypsum Company*, 882 F.2d 862, 865 (4th Cir. 1989)(citations omitted). Therefore, the one-year statute of limitation set forth in Tennessee Code § 28-3-104 is inapplicable to this action.

### 3. Alabama Code § 6-2-38

The December 1988, procedure which took place at Helen Keller Memorial Hospital in Sheffield, Alabama, is also governed by the principle of *lex loci delicti*. Therefore, because plaintiff was injured in Alabama, the substantive as well as the procedural law of Alabama will control for these claims. Under § 6-2-38, an action for personal injury in Alabama must be brought within two years from the date the injury occurred.[6] The Alabama Supreme Court has said "[a] negligence cause of action accrues as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of damages is apparent at the time of the first legal injury." *B&B Properties v. Dryvit Systems, Inc.*, 708 So.2d 189, 191 (Ala. 1997)(quoting *Koch v. State Farm Fire & Casualty Co.*, 565 So.2d 226, 231 (Ala. 1990). The Court has held:

> If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage (then apparent) however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered.

*Id.* at 191-192(citations omitted). Furthermore, an action accrues when the facts and

---

[6] See note 3 *supra*.

circumstances are such that plaintiff knows or should have known of facts which would put a reasonable person on notice of their injury. *See Green v. Wedowee Hospital*, 584 So.2d 1309 (Ala. 1991).

Plaintiff attempts to circumvent § 6-2-38 by arguing that the "savings clause," contained in Alabama Code § 6-2-3,[7] applies because defendants fraudulently concealed material facts which prevented plaintiff from discovering the cause of his injury. The Alabama Supreme Court has held:

> A fraud action is subject to the two-year statute of limitations of Ala. Code 1975 § 6-2-38(l), but the two-year period does not begin to run until the plaintiff has discovered, or should have discovered, the fraud. . . . We use an objective standard to determine when a party should have discovered fraud for the purposes of the statute of limitations. Facts which provoke inquiry in the mind of a [person] of reasonable prudence, and which, when followed up, would have led to the discovery of the fraud, constitute sufficient evidence of the discovery. . . . The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud. Thus, it is the knowledge of such facts itself, that determines whether the question of tolling of the limitations period in a fraud case can be decided as a matter of law.

*Collins v. Burns*, 666 So.2d 530 (Ala.Civ.App. 1995)(quoting *McGowan v. Chrysler Corp.*, 631 So.2d 842, 845 (Ala. 1993)(citations omitted)(internal quotation marks omitted). The "savings clause" is only applicable to fraud actions, therefore, plaintiff's negligence and breach of warranty claims are not subject to this "discovery rule." *See Henson v. Celtic Life Insurance Company*, 621 So.2d 1268 (Ala. 1993).

---

[7] Ala. Code § 6-2-3 (1975) provides:
In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.

11

In the instant action, all averments contained in plaintiff's complaint as to time are of dates more than two years prior to its filing. As a result, plaintiff's claim with regard to the second procedure in Alabama is barred by the statute of limitations. Therefore, the complaint must show plaintiff falls within the savings clause. *See Miller v. Mobile County Board of Health*, 409 So.2d 420 (Ala. 1982). The Alabama Supreme Court has said: "For [plaintiff] to successfully allege that the action in fraud falls under the exception to § 6-2-3[8], i.e. the accrual provision, § 6-2-3 the complaint must 'show the time and circumstances of the discovery of the alleged fraud.'" *Sims v. H. Lewis*, 374 So.2d 298, 304 (Ala. 1979)(quoting *Papstefan v. B. & L. Construction Co., Inc., of Mobile*, 356 So.2d 158, 160 (Ala. 1978)). The Court has further held with respect to fraud allegations:

> . . . even under modern liberal rules of pleading 'justice' still requires that a plaintiff seeking to escape the statute in such a case shall make distinct averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see, whether by the exercise of ordinary diligence, the discovery might not have been before made. . . .

*Board of School Commissioners of Mobile County v. Reynolds*, 310 So.2d 876, 878 (Ala. 1975)(quoting *Moviecolor Limited v. Eastman Kodak Co.*, 288 F.2d 80, 88 (2nd Cir. 1961), *cert. denied* 368 U.S. 821 (1961)(quoting *Stearns v. Page*, 7 How. 819, 12 L.Ed. 928 (1849))).

Plaintiff must allege facts or circumstances by which the defendants concealed his cause of action or injury and what prevented plaintiff from discovering the facts surrounding his injury. *See Miller*, 409 So.2d at 422. A claim for fraudulent concealment will not be supported by generalized allegations. *Id.* "The pleadings must show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained." *Id.* The complaint also must allege plaintiff discovered the fraud within two years of

12

the filing of the action. *See Sims*, 374 So.2d at 304.

According to Alabama Code § 6-2-38, plaintiff had two years after the date his cause of action accrued in which to file suit. Because he has based part of his cause of action on fraud, the "savings clause," contained in § 6-2-3 could apply, which allows plaintiff two years after the discovery of the fraud to file his action.

Plaintiff's second penile prosthesis procedure was performed by Dr. Larry Holcomb, at Helen Keller Memorial Hospital, in Sheffield, Alabama on December 19, 1988. This second device "failed, caused an infection, and was removed" on December 28, 1988. Applying Alabama Code §§ 6-2-38 and 6-2-3, to the facts alleged by plaintiff in his complaint, plaintiff's cause of action, accrued on the date of removal. Therefore, unless plaintiff sufficiently alleged facts and circumstances to come within the savings clause, plaintiff's claims will be barred by the two-year statute of limitation. Unless the savings clause contained in Alabama Code § 6-2-3 applies, plaintiff's cause of action expired on December 28, 1990.

Other jurisdictions have dealt with the issue of notice in similar penile prosthesis cases. *See S.J.D. v. Mentor Corporation*, 463 N.W.2d 873 (Wis. Ct. App. 1990); *Harwell v. American Medical Systems, Inc.*, 803 F.Supp. 1287 (M.D.Tenn. 1992). In *Mentor*, the court determined plaintiff's cause of action accrued when his doctor inspected the defective device during surgery, rather than sixty days earlier when the doctor advised the plaintiff to have the device removed. *Mentor*, 463 N.W.2d at 877. Similarly in *Harwell*, the court held that the statute of limitations began to run when the plaintiff was examined by his doctor and was informed that the penile prosthesis was not functioning properly. *Harwell*, 803 F.Supp. at 1296.

Applying the same rationale to the instant action, a reasonable person would have been placed on notice of a possible defect with the penile prosthesis upon the removal of the second

13

such device. Plaintiff had a similar experience with the first penile prosthesis. Therefore, when the second device caused the same problems and was likewise removed, plaintiff was on notice that something was possibly wrong with the device. The removal of the prosthesis should have alerted a reasonable person that the device might be defective.

Moreover, to fall within the savings clause, plaintiff must have alleged the time and circumstances of discovery of the alleged fraud. Generalized allegations will not suffice and plaintiff's complaint must allege that he discovered the fraud within two years of the filing of this action. In his Complaint, plaintiff makes only generalized allegations of purported fraudulent concealment by defendants.[8] Plaintiff failed to allege circumstances in which the defendants concealed his cause of action or injury or what prevented plaintiff from discovering the facts surrounding his injuries. Plaintiff also failed to allege that he discovered the fraud within two years of the filing of this action. Plaintiff's only allegation is "[b]ut for defendants' fraudulent conduct, the [p]laintiff would have discovered the following claims at an earlier time." (Complaint at ¶ 7.) The only dates contained in the complaint are the three procedures, subsequent removals, and the allegation that "[f]rom 1973 to the present, defendants sold to the public penile implants. . . ." (Complaint at ¶ 5.)

Plaintiff has failed to plead facts which would support applying the "savings clause" under Alabama Code § 6-2-3 to his claims. Thus, plaintiff's claims under Alabama law are barred by the two-year statute of limitations contained in Alabama Code § 6-2-38. Accordingly, defendants' motion for judgment on the pleadings is due to be granted.

---

[8] Plaintiff alleges in his complaint "[d]efendants actively concealed the defective nature of the products with an intent to deceive the plaintiff." (Complaint at ¶ 15(c).)

## IV. CONCLUSION

For the foregoing reasons, this court concludes that defendants' motion for judgment on the pleadings is due to be granted. An order consistent with this memorandum opinion will be issued contemporaneously herewith.

**DONE** this 9th day of March, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge